3. That the export value of the artificial flowers of this appeal are the appraised values.

Judgment will be entered accordingly.

(R.D. 11487)

LESLIE B. CANION v. UNITED STATES

Entry 10753–H, etc.

(Decided February 6, 1968)

*Stein & Shostak* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

RAO, Chief Judge: The appeals for reappraisement listed in the schedule of cases, annexed to this decision and made a part hereof, have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That the merchandise covered by the appeals for reappraisement enumerated in the attached Schedule of cases, consists of handbags manufactured by Kishimoto & Co. and exported on or after November 1, 1961, and that, at the time of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely sold or, in the absence of sales freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit prices, ex factory, net, plus cost of packing as invoiced.

2. That all the merchandise covered by the appeals for reappraisement was entered subsequent to February 27, 1958.

3. That as to any of the merchandise on the invoices covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of cases which is included in the list of articles designated by the Secretary of the Treasury in T.D. 54521 as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress which is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938, that there were no higher foreign values for such or similar merchandise on the dates of exportation involved herein.

4. That these appeals for reappraisement may be deemed submitted for decision on this stipulation.

Upon the agreed facts, I find export value as that value is defined in section 402a(d) or section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the value of the merchandise covered by said appeals for reappraisement and that such values are the invoice unit prices, ex-factory, net, plus cost of packing as invoiced.

Judgment will be entered accordingly.